UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LISA CARRUTHERS *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 05-0516 (RMU) |
| | : | | |
| v. | : | Document No.: | 3 |
| | : | | |
| LUDLOW TAYLOR ELEMENTARY SCHOOL *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION TO DISMISS[1]

I. INTRODUCTION

The plaintiff's[2] minor child, K.L., attends special education classes at defendant Ludlow Taylor Elementary School ("Ludlow Taylor"). Defendants Ludlow Taylor and District of Columbia Public Schools ("DCPS") allegedly acted in violation of K.L.'s rights to equal access to education. The plaintiff now appeals a DCPS Hearing Officer's determination ("HOD") dismissing the plaintiff's claims. The plaintiff asserts that this ruling violates K.L.'s rights to due process and equal protection. The defendants move to dismiss arguing that the plaintiff failed to

---

[1] Although the complaint names District of Columbia Mayor Anthony Williams as a defendant, individual government officials sued in their official capacities are not personally liable for damages. *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Consequently, a suit "for damages against municipal officials in their official capacities is the equivalent to a suit against the municipality itself." *Id.* (addressing the matter of §1983 suits brought against municipal officials in their official capacities) (citing *Graham*, 473 U.S. at 165-66). As a result, the court refers only to defendants Ludlow Taylor Elementary School and the District of Columbia.

[2] The plaintiffs are Lisa Carruthers and her minor child, K.L. For simplicity, the court will refer to the plaintiffs in the singular.

properly serve the defendants with the complaint[3] and failed to timely file her complaint in this court. The court agrees and dismisses the complaint.

## II. BACKGROUND

### A. Factual Background

K.L. attended Malcolm X Elementary School ("Malcolm X") in the District of Columbiabeginning in September 2001. Compl. ¶ 10. The plaintiff requested that K.L. receive

---

[3] Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve the summons and complaint on all defendants within 120 days of filing the complaint. FED. R. CIV. P. 4(m). If a plaintiff fails to effect proper service, a court lacks power to assert personal jurisdiction over the defendants. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (internal citations omitted). Moreover, when a defendant is the District of Columbia, the plaintiff must serve both the Mayor and the Attorney General of the District of Columbia. D.C. Code § 11-943(c); *Dorsey v. Dist. of Columbia*, 839 A.2d 667, 668-69 (App. Ct. D.C. 2003). Here, the plaintiff has not provided any proof of service on the defendants. *See Thompson v. Dist. of Columbia*, 863 A.2d 814, 818 (D.C. Cir. 2004) (requiring proof of service to satisfy Rule 4). The plaintiff asserts in her opposition that she "experienced technical difficulties during the fall months and did not have access to electronic court filings during these periods. Defendants did not submit hard copy [sic] of electronic filing [sic] to plaintiff." Pl.'s Opp'n at 3. This assertion is unclear in both form and content. If this is an attempt to explain her failure to serve the defendants, the court draws the plaintiff's attention to Local Civil Rule 5.4(g)(3) which provides that "[c]ounsel or parties encountering technical problems with [the court's electronic filing system] shall immediately notify a Clerk's Office employee of the problem by telephone and immediately send written confirmation of that notification to the Office of the Clerk." LcvR 5.4(g)(3). In addition, by obtaining a password for the court's electronic filing system, an attorney consents to electronic service of all documents subsequent to the original complaint and 'service by electronic means is complete on transmission.'" *McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 181 n.4 (D.D.C. 2005) (citing LCvR 5.4(b)(6) and and FED. R. CIV. P. 5(b)(2)(D)). The plaintiff's argument does not excuse her failure to properly serve the defendants.

special education based on an individualized education program[4] ("IEP") developed in the child's former school in Dorchester, Massachusetts.  *Id.*  Malcolm X refused to implement the IEP, and requested that the plaintiff first produce an evaluation that substantiated the child's special educational needs.  *Id.* ¶ 11.  Because the plaintiff did not have the child's prior evaluations in her possession, she obtained an independent psychiatric and psychological evaluation, which recommended occupational therapy, speech and language evaluations.  *Id.* ¶ 13.  On June 4, 2004, without conducting the additional evaluations, DCPS developed a new IEP.  *Id.* ¶¶ 18, 20.  The plaintiff maintains that this IEP is inappropriate.  *Id.* ¶ 20.

Subsequently, K.L. transferred to Ludlow Taylor Elementary School in the District of Columbia.  Compl. ¶ 19.  The plaintiff asserts that Ludlow Taylor did not fully implement the revised June 2, 2004 IEP, notwithstanding its alleged inadequacies, and that Ludlow Taylor is not an appropriate placement for K.L.  *Id.* ¶¶ 21-22.  On January 6, 2005, DCPS held a due process hearing at which the plaintiff challenged the adequacy of the Ludlow Taylor's services to K.L.  *Id.* ¶ 25.  On January 25, 2005, a DCPS Hearing Officer issued a HOD dismissing the administrative claim with prejudice.  *Id.* ¶ 33.  On February 26, 2005,[5] the plaintiff faxed to the Hearing Officer a motion for reconsideration.  Pl.'s Opp'n, Ex. 2 (plaintiff's motion for

---

[4] An Individualized Education Program ("IEP ") "sets forth the child's educational level, performance, and goals," and "is the governing document for all educational decisions concerning the child."  *Bd. of Educ. of Cmty High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.*, 103 F.3d 545, 546 (7th Cir. 1996); see also *Spilsbury v. Dist. of Columbia*, 307 F. Supp. 2d 22, 25 (D.D.C. 2004) (stating that the IDEA requires that an IEP "include a statement of needs, services, learning aids, and programs that should be made available to the student").  Once the IEP team develops the IEP, the school system must provide an appropriate educational placement that comports with the IEP.  *Spilsbury*, 307 F. Supp. 2d at 25.

[5] Although the plaintiff's motion for reconsideration is dated February 24, 2005, the facsimile transmission report demonstrates a fax date of February 26, 2005.  Pl.'s Opp'n, Ex. 2 at 5.

reconsideration). On March 10, 2005, the Hearing Officer denied the motion for reconsideration because the plaintiff did not timely file the motion. *Id.* Ex. 1 (ruling that the plaintiff had 30 days in which to file a motion for reconsideration of the HOD and determining that the plaintiff exceeded that time period).

### B.   Procedural History

The plaintiff filed this action on March 14, 2005, seeking relief for violations of the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1231, the Rehabilitation Act, 29 U.S.C. § 701, and the Fifth Amendment. Compl. ¶ 1. The defendants now move to dismiss the case arguing that the plaintiff failed to properly serve the defendants, and that the plaintiff failed to exhaust her administrative remedies.[6] Defs.' Mot. at 4-5. The plaintiff initially failed to respond to the defendants' motion to dismiss. On January 5, 2006, the defendants moved the court to treat their motion to dismiss as conceded. On January 9, 2006, the court ordered the plaintiff to show cause why it should not grant the defendants' motion to dismiss. On January 18, 2006, the plaintiff answered that she failed to respond to the defendants' motion due to plaintiff counsel's "unintentional oversight as a result of not checking

---

[6]   The defendants fail to bring their motion to dismiss pursuant to a specific rule. Because their motion challenges the plaintiff's service of process and the court's jurisdiction, the court presumes that the defendants intended to invoke Rule 12 (b)(5) and 12(b)(1) of the Federal Rules of Civil Procedure as the legal basis for the motion.

the case docket."[7]  Pl.'s Mot. for Leave to File a Mot. in Opp'n to Defs.' Mot. to Dismiss at 1. The court now turns to the defendants' motion.

### III.   ANALYSIS

#### A.   The Court Grants the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies

The defendants assert that the court lacks jurisdiction over the plaintiff's claims because she did not timely appeal the HOD or file her complaint in this court.  Defs.' Mot. at 5-6.  The plaintiff counters that she timely filed her complaint because the statute of limitations period began on the date that the Hearing Officer denied her motion for reconsideration, not on the date he issued the HOD.  Pl.'s Opp'n at 4.[8]  Because the statute of limitations began to run on the date of the HOD, and the plaintiff failed to timely file her motion to reconsider the HOD, the court dismisses her complaint.

#### 1.   Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen.*

---

[7] Plaintiff counsel's explanation is unacceptable.  Attorneys who obtain a password to the court's electronic filing system consent to electronic service of all documents subsequent to the original complaint, LCvR 5.4(b)(6), and attorneys are "responsible for monitoring their e-mail accounts" for notice of filings.  LCvR 5.4(b)(6).  What's more, parties in a case bear the responsibility to monitor the court's docket.  *McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 181 (D.D.C. 2005).  When a party's failure to respond to a motion results from its failure to check the docket, dismissal is permissible.  *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004).

[8] The plaintiff failed to paginate her opposition, contrary to the court's Standing Order, ¶ 2.  The court, therefore, refers to the page numbers assigned by the court's electronic filing system.

*Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**2.     Legal Standard for the Statute of Limitations for HOD Appeals under IDEA**

Congress enacted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." *Calloway v. Dist. of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000) (quoting 20 U.S.C. § 1400(d)(1)(A)).  Under IDEA, school districts must develop IEPs to meet the special educational needs of disabled students.  *Id.* (citing 20 U.S.C. § 1414(d)).  As a procedural safeguard, IDEA affords parents the right to examine all records regarding their child's disability and to participate in meetings regarding the child's identification, evaluation and educational placement.  20 U.S.C. § 1415(b)(1).  If a parent objects to the child's identification, evaluation, or educational placement, the parent may request a due process hearing before a Hearing Officer.  *Calloway*, 216 F.3d at 3 (citing 20 U.S.C. §§ 1415(b)(6), (f)(1)).  A parent who is aggrieved by a HOD may bring suit in state or federal court.  *Id.* (citing 20 U.S.C. § 1415(i)(2)).

IDEA does not specify a statute of limitations for HOD appeals.  20 U.S.C. § 1415.  When there is no statute of limitations for a federal cause of action, "it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal policies."  *Spiegler v. Dist. of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989).  Regarding IDEA proceedings specifically, the District of Columbia applies the 30-day limitations period of Rule 15(a) of the District of Columbia Court of Appeals.  *Id.* at 466.  Rule 15(a) states that

> [r]eview of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review *within thirty days after notice is given*, in

>     conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed . . . .

D.C. Ct. App. R. 15(a) (emphasis added). The limitations period is "mandatory and jurisdictional[:] once the time prescribed by the rule is passed, [the court is] without power to hear the case." *Stone v. D.C. Dep't of Employment Servs.*, 707 A.2d 789, 790 (D.C. 1998), *see also Cummings v. Dist. of Columbia*, 2006 U.S. Dist. LEXIS 14903 *6-10 (D.D.C. 2006).

### 3. The Plaintiff Failed to Timely File Her Appeal

The Hearing Officer issued his HOD on January 25, 2005. Defs.' Reply at 5-6. The plaintiff had until February 24, 2005 to file a complaint. 20 U.S.C. § 1415(i)(2)(A); *see also Cummins*, 2006 U.S. Dist. LEXIS 14903 at *6-10. Instead, the plaintiff faxed a motion for reconsideration to the Hearing Officer on February 26, 2005. Pl.'s Opp'n, Ex 2. On March 10, 2005, the Hearing Officer denied the plaintiff's motion for reconsideration due to untimely filing. Defs.' Reply Ex. 1.

The plaintiff does not contest that she filed her appeal to this court more than 30 days after the HOD. She instead argues that the relevant statute of limitations allows her to file her complaint in this court within 30 days of the Hearing Officer's denial of her motion for reconsideration, rather than within 30 days from the date he issued the HOD. Pl.'s Opp'n at 5. The plaintiff misapplies the allowance for tolling. A court may indeed toll the statute of limitations beyond 30 days from the issuance of the HOD, but only if a plaintiff has timely filed a motion for reconsideration to the DCPS Hearing Officer. *R.S. v. Dist. of Columbia*, 292 F. Supp. 2d 23, 27 (D.D.C. 2003) (applying the tolling provisions under D.C. Court of Appeals Rule 15(b)).

The plaintiff had 30 days from January 25, 2005, the date of the HOD, to file a motion for reconsideration. *See R.S.*, 292 F. Supp. 2d at 27 (applying *Albertson v. Fed. Commc'n Comm'n*, 182 F.2d 397 (D.C. Cir. 1950), to conclude that, absent a statutory provision, a party may file a motion for reconsideration of an administrative decision within the period for filing an appeal in court). The plaintiff filed her motion for reconsideration on February 26, 2005, 2 days after the period expired. Pl.'s Opp'n, Ex. 2 at 5. Because the plaintiff failed to timely file her motion for reconsideration, tolling does not apply to the 30-day period the plaintiff had to file her complaint before this court. D. Ct. App. R. 15(b) (providing for tolling of the statute of limitations when a plaintiff *timely* files a motion for reconsideration). Therefore, the plaintiff's 30-day period in which to file a complaint began on January 25, 2005. The plaintiff's complaint, filed on March 14, 2005, exceeded this period by 18 days. As a result, the plaintiff's complaint is barred by the statute of limitations, and the court grants the defendants' motion to dismiss.

### IV.   CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss. An order directing the parties in a matter consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of June, 2006.

> Ricardo M. Urbina
> United States District Judge